PARODI ET AL *v.* STATE SAVINGS BANK OF JACKSON.

[74 South. 280, Division B.].

BANKS AND BANKING. *Collecting draft. Acceptaing worthless check.*
Where a bank received a draft for collection and took in payment a defectively signed check on another bank which failed before the defect was corrected, it cannot recover from the drawer of the draft, although the negligent signer of the check was the drawer's agent for the collection of rents and was making a final accounting of the same.

APPEAL from the chancery court of Adams county.
HON. R. W. CUTRER, Chancellor.
Suit by the State Savings Bank of Jackson against Silva G. Parodi, executrix of Ann T. Parodi and others.
From an order overruling a demurrer to the complaint, the defendant appeals.
The facts are stated in the opinion of the court.

*A. H. Geisenberger, W. A. Geisenberger,* and *Truly & Truly,* for appellants.

*Richard F. Reed* and *W. Calvin Wells,* for appellees.

COOK, P. J., delivered the opinion of the court.

The appellants are the executrix and heirs of Mrs. Ann T. Parodi, deceased, who before her death was a resident of Genoa, Italy. The deceased owned real estate in Natchez, Miss., and selected E. B. Baker, a resident of that city, as her agent to collect her rents, pay taxes, keep her

property in repair, and generally to look after her interests. Mr. Baker had collected rents, which, after deducting expenditures, amounted to about one thousand six hundred and fifty dollars. This amount had been deposited to the credit of "E. B. Baker, Agent," in the First Natchez Bank. Appellants drew on E. B. Baker for the amount due by him. The draft was made payable to the order of the Farmers' Loan & Trust Company of New York, and in due course reached the State Savings Bank of Jackson, Miss., and this bank, appellee here, presented same to E. B. Baker for payment. Attached to the draft was a receipt, signed by the executrix and all the heirs of the deceased, acquitting E. B. Baker of all of his indebtedness to the estate of the deceased. Mr. Baker paid the draft by his two personal checks, one on a Jackson bank and the other, for one thousand two hundred and twenty dollars on the First Natchez Bank. The collecting bank accepted these checks, marked the draft paid, and delivered the attached receipt to E. B. Baker. The check on the Jackson bank was paid, but the check on the Natchez bank was not paid. Returns from the Natchez bank were that E. B. Baker had no funds, and the complainant alleges that E. B. Baker had inadvertently or negligently neglected to add "agent" after his name. It seems that this inadvertence was cured, and the check was again forwarded for collection to the drawee bank, but, in the meantime the Natchez bank had been placed in the hands of a receiver, and the check could not be collected. The complainant bank had, in the meantime, remitted to the drawers of the draft, and the bill of complainant seeks to recover the amount, and is based on the claim that Baker was the agent of the drawers, acting within the scope of his authority, when he signed the check, and neglecting to add "agent" to his signature was the cause of its failure to collect the check, for which negligence Baker's principals were responsible. This we think, is about the case made by the bill of complaint, to which appellants demurred. The demurrer was overruled, hence this appeal.

It was insisted by complainant below, and it is insisted here, that Baker's omission of the word "agent" following his signature was the negligence of his principals, who were Baker's creditors, seeking to collect his indebtedness to them. This theory is worked out this way: Baker was appointed by appellants to collect their rents, etc., and to account to them for the balance in his hands as agent; Baker was accounting, and while accounting negligently failed to account, to the damage of complainant. We are unable to approve this line of reasoning. The agency of Baker is a mere incident—he is a debtor to his principals, not because he had collected the rents as their agent, but because he had failed to pay the amount collected to his creditors. As expressed by counsel for appellants, the drawers of the draft were dealing "at arm's length with Baker"—he was indebted to them, and the fact that he had deposited the money in bank collected as agent "cuts no ice." He might as well have put the good money collected in one pocket and a like amount in counterfeit money in another pocket, and by paying the counterfeit to the collecting bank, and thus impose a liability on his former principal, on the theory that the principal was responsible for the torts of its agent while acting within the scope of his employment. This is not a case of mere accounting, but it is a case where the collecting bank has chosen to accept in payment a worthless check, instead of the cash, and must accept the consequences of its department from the terms of its employment. *Bank of Shaw* v. *Ransom,* 73 So. 280.

The above theory being the only possible theory upon which appellant could hope to recover, and this theory, in our opinion, being without merit, it follows that the judgment must be reversed and the bill dismissed.

*Reversed and dismissed.*